UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL DAVIS,
    *Plaintiff*,

    v.                                                   No. 3:16-cv-1287 (JAM)

McDANIEL, *et al.*,
    *Defendants*.

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Michael Davis is confined at Osborn Correctional Institution. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. Based on my initial review pursuant to 28 U.S.C. § 1915A, I conclude that the complaint should be served on all defendants.

### BACKGROUND

Plaintiff names three defendants: Captain McDaniel, Correctional Counselor Szczygiel, and Correctional Officer Rehim, all of whom work at Garner Correctional Institution. All defendants are named in their individual and official capacities.

The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. On January 28, 2016, at Garner Correctional Institution, plaintiff was assaulted by Captain McDaniel and Correctional Officer Rehim. Doc. #1 at 5 (¶ 1). Plaintiff was being transferred from his housing unit to restrictive housing as a result of a lost property dispute. Before his transfer, he overheard Counselor Szczygiel tell Officer Rehim to "get him" in the hallway. Doc. #1 at 5 (¶ 2). During the transfer, Officer Rehim stopped plaintiff in the hallway and accused him of walking at a fast pace. *Ibid.* (¶ 3). Plaintiff and Officer Rehim became upset with each other. Officer Rehim grabbed plaintiff by the hair and slammed his head against the concrete wall three times, causing plaintiff to experience severe pain. *Ibid.* (¶ 4).

Captain McDaniel, the escorting supervisor, then sprayed a chemical agent in plaintiff's face without any warning or justification. *Id.* at 6 (¶ 5). During the entire incident, plaintiff was restrained with handcuffs behind his back and was flanked on both sides by correctional officers. *Ibid.* (¶ 6).

Plaintiff suffers from heart, lung, and brain conditions that place him at a serious risk of harm from exposure to chemical agents and battery. *Ibid.* (¶ 7). Following the incident, plaintiff experienced nightmares as well as extreme head and nerve pain. He filed medical requests and administrative complaints but received no response. He was subsequently transferred out of Garner Correctional Institution. *Ibid.* (¶ 8). Garner Correctional Institution is the primary housing facility for inmates with mental health needs in Connecticut. Since his transfer from Garner, plaintiff has been unable to receive the mental health treatment that he needs. *Ibid.* (¶ 9).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "[p]ro se complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

The use of excessive force against a prisoner may constitute cruel and unusual

punishment in violation of the Eighth Amendment even if the prisoner does not suffer serious injury. *See Hudson v. Palmer*, 503 U.S. 1, 4 (1992). In analyzing an excessive force claim, the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (*per curiam*).

Here, plaintiff alleges that he was assaulted without cause while restrained. These allegations are sufficient to state a plausible claim for use of excessive force.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The complaint will proceed on the claim against all defendants for use of excessive force.

(2) **The Clerk shall** verify the current work addresses of defendants McDaniel, Szczygiel and Rehim with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55

Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

      (4)    **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

      (5)    **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

      (6)    The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

      (7)    Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

      (8)    All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

      (9)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

      (10)    If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to

just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

    (11)    Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

It is so ordered.

Dated at New Haven this 2nd day of September 2016.

                                            /s/*Jeffrey Alker Meyer*
                                            Jeffrey Alker Meyer
                                            United States District Judge